CASE 17—PETITION ORDINARY—DECEMBER 12.

# Eversole vs. Moore.

APPEAL FROM PERRY CIRCUIT COURT.

1. "That, in 1862, before the assignment of the notes, the obligee, as a private citizen, on his own responsibility, and without any order or authority whatever, went to the intestate's residence, and, by force, took from him, and converted to his own use, horses, mules, and hogs, of a value greatly exceeding the amount claimed in the action," is a good plea of set-off, as the administratrix had a right to waive the trespass and right of action, *ex delicto*, and to maintain an action, *ex contractu*, for the value of the property converted on an implied promise to pay the value of the property.

2. *Indebitatus assumpsit* might be maintained for the value of property tortiously taken and converted, and that which might be recovered in such an action may be plead as a set-off.

---

Eversole vs. Moore.

---

John M. Harlan and

H. C. Lilly,                                        For Appellant,

CITED—

*MSS. Opinion, Brannaman vs. Palmer, note b, Myers'*
   *Code, p.* 379.

4 *Metcalfe,* 57; *True vs. Triplett.*

*Civil Code, secs.* 128, 125.

*Revised Statutes, title "Contracts."*


John Dishman and

A. J. James,                                        For Appellee,

CITED—

*Civil Code, sec.* 128.

2 *Metcalfe,* 143; *Shropshire vs. Conrad.*

4 *Metcalfe,* 175.

*Hardin,* 150; *Morrison's ex'r vs. Hart.*

3 *Bibb,* 49; *Williams vs. Gilcrist.*

3 *Marshall,* 34; *Farquhar vs. Collins.*

5 *Littell,* 3; *Pemberton vs. Brown.*

2 *Dana,* 269; *Hanna & Co. vs. Pleasants, &c.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To an action against the appellant, as administratrix
of her deceased husband, to recover the amount of two
promissory notes for money, executed by the intestate to
Allen Moore, who assigned them to the appellee, she
resisted a judgment by pleading a set-off of a specific
sum equal to that sued for, which she claimed on her
allegation, that, in 1862, before the assignment of the
notes, the obligee, as a private citizen, on his own re-
sponsibility, and without any order or authority what-
ever, went to the intestate's residence, and, by force, took
from him, and converted to his own use, horses, mules,
and hogs, of a value greatly exceeding the amount claim-
ed in the action.

Eversole vs. Moore.

A demurrer to the answer being sustained, and she failing to answer further, the circuit court pronounced judgment for the amount of both notes. And, on this appeal from that judgment, the sole question for our consideration is, whether the demurrer was properly sustained?

The answer, by alleging a forcible taking from the intestate's possession, imports that the property so taken was his, as his possession alone *prima facie* implied.

And although tort cannot be set-off against contract, yet the trespass in this case may be waived, and, instead of suing for indeterminate damages arising *ex delicto*, an action, *ex contractu*, might be maintained for the value of the property converted on an implied promise to pay the value of it; consequently, *indebitatis assumpsit* might be maintained for that value. And that which the appellant might have recovered in such an action, she may plead as a set-off in this case, as the demands of both parties arise from contract, express or implied, to pay a certain sum in money (*the value of the property, not damages*), which might be recovered by each in the character in which they respectively stand and plead in this action. This conclusion does not conflict in principle with any former decision of this court.

And, though the answer shows a tortious conversion, yet its election to demand only the value of the property waived the tort and relied on implied contract, which might be enforced by *indebitatus assumpsit*.

We are therefore of the opinion that the answer was substantially good, and that the circuit court erred in sustaining the demurrer to it.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings.