# WHEELING.

## GROVE *v.* JUDY.

Submitted September 10, 1883—Decided May 3, 1884.

1. The 8th, 9th, 10th and 11th points of the syllabus in *Neely* v. *Jones*, 16 W. Va. 625, reaffirmed. (p. 297.)

2. A case reversed because parties having judgment-liens in the county where the lands sought to be subjected to the payment thereof were situated, were not made parties to the suit. (p. 298.)

The facts of the case are stated in the opinion of the Court.

*George A. Blakemore* for appellant.

*W. H. H. Flick* and *W. F. Dyer* for appellee.

JOHNSON, PRESIDENT:

In February, 1880, T. J. Grove, who, as the bill states, "sues for the use of A. C. Scherr and E. F. Vossler," filed his bill in equity in the circuit court of Grant county against Daniel Judy and Phœbe, his wife, William H. Judy, C. N. Judy, Isaac Judy, Jesse Shirk, Solomon Armentrout and Wm. B. Hill, late partners as Armentrout & Hill, John H. Font, E. W. Baker and George S. Harness late partners as Baker & Harness, W. F. Dyer, Geo. Harman and Solomon Harman, late partners as Geo. Harman & Co. and J. W.

Kuykendall defendants. The bill alleges the recovery of judgments for various amounts against Daniel Judy and W. H. Judy, and against Daniel Judy, one in favor of said Grove, use of Scherr and Vossler, for five hundred and nine dollars and ninety-one cents, against Daniel and Wm. H. Judy, one in favor of Armentrout & Hill for thirty-four dollars and eighty cents against Daniel Judy, one against Daniel Judy for ninety-seven dollars and eighty-nine cents in favor of Baker & Harness, one in favor of Font against Daniel and Wm. H. Judy for eighty-three dollars and eighty-nine cents, one in favor of W. F. Dyer against Daniel and Wm. H. Judy for one hundred and eighty-two dollars and eighty-three cents, one in favor of Jesse Shirk against Daniel Judy and Isaac S. Judy by confession for two hundred and twenty-five dollars and eighty-two cents, charging that said judgment by confession is in law no judgment at all, because no suit was brought and no process issued, claiming that it is no lien on the land of defendant Daniel Judy. The bill charges further that a certain deed executed on the 29th day of July, 1878, by Daniel Judy and wife to C. N. Judy for a tract of three hundred and fifty acres of land in Grant county was made without consideration, with intent to hinder, delay and defraud the creditors of the said Daniel Judy, and that a certain bill of sale made by Daniel Judy to the said C. N. Judy for certain personal property was without consideration and executed with the same intent. The bill also charges that a deed made by said Daniel Judy and wife on the same day for a tract of one hundred acres of land in said county to Isaac S. Judy was without consideration and was executed with the same intent. There were other allegations and charges in the bill not necessary to state. The bill prayed that said deeds be declared void as to the creditors of said Daniel Judy, and that said real estate be sold to pay the debt due the plaintiff.

On the 14th day of April the cause was referred to a commissioner to ascertain the liens on the lands of Daniel Judy, their priorities, &c. The commissioner was required to notify the *parties to the suit by personal service* of the time and place of his acting under said order. There was a demurrer to said bill, which was overruled. The ground of

the demurrer was that the bill did not show on its face, that Daniel Judy was the owner of any real estate. This is a mistake as an inspection of the bill will show.

Daniel Judy answered the bill, denying that the plaintiff's judgment against him is valid, because, he says, he was never served with process in the suit at law. He also denies, that the deed to Isaac S. Judy was fraudulent, but does not deny the fraud charged as to the deed to C. N. Judy.

Phœbe Judy also answerd claiming that her father by his will left her some land, which she sold, and by agreement with her husband the proceeds, one thousand one hundred dollars, were put into a tract worth about twice that amount, and the deed for the same was to have been made to her and her husband jointly, but by mistake or otherwise the land was conveyed to her husband. This was about *thirty years* ago, and she only recently discovered, that the deed had not been executed to her husband and herself jointly. She prayed for affirmative relief. Special replication was filed denying the allegations of this answer.

Isaac S. Judy answered the bill denying the fraud charged.

The commissioner filed his report, which shows judgment-liens in favor of the National Bank of Piedmont for the use of John Grove and T. J. Grove for eighty-seven dollars and ninety-five cents, also in favor of T. J. and J. B. Grove for thirty-one dollars and twenty-eight cents, also in favor of T. J. Grove for forty-five dollars and ninety-four cents, also in favor of Teter for use of George Harmon for seventy dollars and forty-six cents in addition to the liens set up in the bill; and none of the judgment-creditors are made defendants to the suit either formally or informally.

Depositions were taken; and on the 25th day of October, 1881, the cause was heard, and the court held the deed to C. N. Judy void as to the creditors of Daniel Judy, and decided against the claim set up in the answer of Phœbe Judy, and found good and valid the deed to Isaac S. Judy, and ordered a sale of the real estate of said Daniel Judy to pay the liens thereon.

From this decree Daniel Judy and his wife Phœbe appealed.

But one question will be considered, and that is: Were

the proper parties before the court when the decree complained of was entered?

In *Neely* v. *Jones,* 16 W. Va. 625, it was held, that a creditor, who brings suit against a debtor to enforce against his lands a judgment-lien, should sue on behalf of himself and all other judgment-creditors except those made defendants and should make formally defendants in the suit all creditors, who have obtained judgments in the courts of record in the county or counties in which the debtor owns lands which are sought to be subjected to the payment of their judgments, also all creditors who have obtained judgments in courts of record in the county or counties in which the debtor owns lands, which are sought to be subjected to the payment of the judgment, also all creditors who have obtained judgments in courts of record or before justices in any part of ·the State and have had them docketed on the judgment-lien docket of said county or counties. If all the judgment-creditors are not made parties to such suit either formally or informally, and this is disclosed in any manner by the record, the appellate court will reverse any decree ordering the sale of the lands or the distribution of the proceeds of such sale. But if all the judgment-creditors are made parties to such suit informally, by being called by publication before a commissioner under a decree of the court to present their judgments, then this Court would not reverse a decree ordering sale of the lands of the debtor or distribution of the proceeds of such sale, merely because the record disclosed, that some of the judgment-creditors had not been made formal defendants, who ought to have been so made, unless it appears that objection was made to the rendering of such decree on this ground in the court below, and before such decree was rendered. If in such a bill the creditor should fail to sue on behalf of himself and all other judgment-creditors, the court should afford to all judgment-creditors an opportunity to have their judgments audited before a commissioner by directing a publication to be made calling upon them to present their judgments for auditing; and in such case the appellate court would regard ·such bill as a creditors' bill, the same as if the plaintiff had sued on behalf of himself and all other judgment-creditors except those made defendants.

This decision has been since followed in a number of cases in this Court. It is very clear, that Scherr and Vossler should have been made parties to the suit. There is no such thing in equity as bringing a suit in the name of one party for the use of another. Equity deals with the real parties in interest. At law sometimes a suit must be brought in the name of the party to whom the note or bond was executed for the use of the real parties in interest, so as to give notice to whom the debt is then due, and to whom it should be paid, when the party, to whom it was executed, has without written assignment transferred his interest thereon to to another, who then holds the equitable title thereto. · The proper way would have been for Scherr and Vossler to have brought the suit in their own name for the benefit of themselves and all other judgment-creditors of Daniel Judy.

Under the rule laid down in *Neely* v. *Jones, supra*, the plaintiffs in the case of National Bank of Piedmont for the use of John Grove, and T. J. Grove against Daniel Judy, and also T. J. Grove and J. B. Grove who also recovered a judgment against said Judy, and also T. J. Grove, if not the same one spoken of above, who recovered a judgment of forty-nine dollars and ninety-four cents against said Judy, and George Teter, who recovered a judgment for the use of George Harman for seventy dollars and forty-six cents, as well as the said George Harman should all have been made formal defendants to the bill, as all their judgments were either recovered or docketed in the county where the land lay, and were so recovered and docketed at the time the bill was filed, as appears in the record. We do not deem it proper in the absence of the material parties to the suit to decide any of the other questions presented by the record. The decree of the court ordering the sale of the land for the payment of said judgments is reversed with costs against T. J. Grove, who brought this suit, it being out of the power of the court to decree costs against said Scherr and Vossler, for whose use the suit was instituted; and this cause is remanded for proper parties to be made to the suit as above indicated, and for further proceedings to be had thereon.

REVERSED.    REMANDED.