# CHARLESTON.

## BANK *v.* COOK.

Submitted March 1, 1904—Decided March 8, 1904.

1. SYLLABUS APPROVED.
   Syllabus in case of *Kellam* v. *Sayre*, 30 W. Va. 198, reaffirmed. (p. 223).

2. SUIT—*Cost.*
   In a suit in chancery erroneously brought by A. for the use of B. and B. not being a party to the suit an order of the circuit court directing the costs to be taxed against the beneficiary B. and not against A. is void as against B. and does not make him a party to the suit. (p. 223).

Appeal from Circuit Court, Wyoming County.

Bill by the First National Bank of Huntington against G. D. Cook and others. Decree for complainant and defendant, Mary M. Cook, appeals.

*Reversed.*

WATTS & ASHBY, for appellant.

J. B. ELLISON, COL. CHILDERS, and J. W. ARBUCKLE, for appellee.

McWHORTER, JUDGE:

At the May rules, 1897, the First National Bank of Huntington, a corporation suing for the use and benefit of C. F. Cook, (of Jacob) filed its bill in equity against G. D. Cook, Mary M. Cook, Jacob A. Cook, J. R. Robinson, special commissioner, Ida Sanders, adminitsratrix of the estate of J. O. Sanders, deceased, J. R. Robinson, trustee, W. G. Cook and W. E. Justice, in the clerk's office of the circuit court of Wyoming County, to enforce the lien of its judgment against G. D. Cook for $1,271.95 recovered by it in the circuit court of said Wyoming County, with interest and costs and subject thereto the surface of several small tracts of land described in the bill as being owned by said G. D. Cook, and also to subject a tract of one hundred and twenty-three and three-fourths acres alleged to have been purchased at judicial sales and paid for by said G. D. Cook and which he caused to be conveyed to his wife the defendant, Mary M. Cook, for the purpose of hindering, delaying and defrauding his creditors in the collection of their debts and especially the plaintiff, and that the defendant, Mary M. Cook, accepted said conveyance with full knowledge of such fraudulent intent and for the purpose of assisting said Cook in his fraudulent act, and praying that the conveyance so made to Mary M. Cook be declared fraudulent and void as to plaintiff's judgment, and that the same together with the other lands described be sold for the satisfaction of the debts set up in the plaintiff's bill, and for general relief.

On the 30th of September, 1896, on motion of plaintiff the cause was remanded to rules "for the purpose of making new parties and making such other amendments as it may be advised." The defendants G. D. Cook and Mary M. Cook filed their separate demurrers and answers to said bill. The demurrers were argued and overruled, depositions taken and the cause referred to a commissioner to ascertain the liens by judgment or otherwise against G. D. Cook, and other matters set out in the order, and a report was made by the commissioner in response to said order. On the first day of April, 1898, the cause was heard, when the First National Bank of Huntington, by its attorney moved to dismiss the suit upon the ground that the said bank had received the judgment described in the bill as therein shown and was unwilling to be liable for the costs of

the suit. The court overruled the motion to dismiss the case and directed that the costs be taxed against the beneficiary, C. F. Cook, and not against said bank, and again overruled the demurrers of the defendants, G. D. Cook and Mary M. Cook, and overruled the exceptions to the report of the commissioner reporting the liens upon the property and ascertained and decreed the several liens upon the lands of G. D. Cook as reported by the commissioner and set aside the deed to defendant, Mary M. Cook, for the one hundred and twenty-three and three-fourths acres of land as fraudulent as to plaintiff and other lien holders named in the commissioner's report, and decreed the sale of the said lands to pay the said liens. From which decree the defendant, Mary M. Cook, appealed.

It is shown by the bill that on the 15th of May, 1895, the plaintiff assigned its said judgment against G. D. Cook to the defendant, William E. Justice, for value, and that on the 10th day of August, 1895, the defendant, W. E. Justice, for value assigned the said judgment to C. F. Cook, (of Jacob). Although the bill was remanded to rules for new parties to be made thereto, the bill was not so amended and it does not appear that C. F. Cook (of Jacob) was ever made a party to the suit. It is claimed by appellee that this defect is cured by the decree of the court entered on the first day of April, 1898, overruling the motion to dismiss the case and directing that the costs be taxed against the beneficiary, C. F. Cook, and not against the Bank, that this was in effect substituting C. F. Cook as plaintiff and decreed that he should prosecute the suit in his name and at his costs. C. F. Cook, not being a party, the court had no jurisdiction to make an order or decree requiring him to pay costs. A decree or judgment affecting the rights of a person not before the court is a nullity as to such person. This cause falls clearly within the rulings of this Court in *Kellam* v. *Sayer,* 30 W. Va. 198, where it is held, (syl. pt. 1) : "A suit in equity cannot be brought in the name of one party for the use of another." And point 2, "Where a judgment at law was recovered in the name of A. for the use of B. and afterwards A. brought a chancery suit in his own name for the use of B., the judgment creditor, and B. was not a party to the suit, and a decree was rendered, enforcing said judgment lien, it was reversed for want of proper parties and remanded for proper parties to be made." See also

*Grove* v. *Judy,* 24 W. Va. 294, and *Neely* v. *Jones,* 16 W. Va. 625.

The demurrer should have been sustained. Therefore the decrees entered in this cause are set aside and held for naught, the demurrer to the bill sustained for want of proper parties, and the cause remanded to the circuit court of Wyoming county with leave to plaintiff to amend its bill by making proper parties thereto, and for further procedings to be had therein.

*Reversed.*