## The Sutherland-Innes Co., Limited v. Weaver.

(Decided May 25, 1911.)

### Appeal from Laurel Circuit Court.

Wrongfully or Unlawfully Disposing of the Property of Another— Owner's Right to Sue—Where one has been wrongfully or unlawfully deprived of his property, he may sue for the property and damages for its taking or he may sue for its value at his option, and the right to treat the property as if sold to the wrongdoer is universally recognized when the property has been sold by the wrongdoer and converted into money.

SAM C. HARDIN for appellant.

GEORGE G. BROCK and HAZLEWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In August, 1908, George F. Weaver was the owner of 4,700 staves at Fariston, on the Louisville & Nashville

Railroad, in Laurel County, Kentucky. The Sutherland-Innes Co., Ltd., had bought and was shipping a lot of staves from the same place. Between August 24th and 26th the latter company shipped three car loads of staves from that point. Weaver charged that it had loaded his staves into these cars and shipped them out of the State. He sued for their value. The answer was a traverse. Upon a trial before a jury, under instructions not objectionable, the plaintiff recovered a verdict for $330.75. From the judgment predicated thereon the defendant appeals.

The proof shows that the plaintiff owned the staves claimed, that they were ricked upon the yard at Fariston in two ricks, that they were there on August 24th, and before the shipment of the three car loads by defendant, and that they were missed immediately after this shipment. Two of the men who helped load them for defendant say that plaintiff's staves were put in these cars, while its head boss and his assistants and two other employes say they were not put into the cars. On this evidence it was proper to submit the question to the jury, and the finding of the jury on the question of ownership, conversion and value will not be disturbed.

But it is insisted for appellant that, as the pleadings charge a larceny, an unlawful taking of the staves, an action in assumpsit or for their value does not lie, but that the suit should have been for damages growing out of the tort. In Bliss on Code Pleading, section 13, Cooley on Torts, 3d Ed., 160, and Pomeroy's Code Remedies, 4th Ed., section 48, p. 74, the principle is, in varying terms, stated, that where one has been wrongfully or unlawfully deprived of his property, he may sue for the property and damages for its taking, or he may sue for its value, at his option; and the right to treat the property as if sold to the wrongdoer is universally recognized when the property has been sold by the wrongdoer and converted into money. The right of the owner to elect as to which course he will pursue in such case was expressly recognized by this court in the case of Eversole v. Moore, 3 Bush, 49. The question arose in this way. The plaintiff, Moore, sued Mrs. Eversole as administratrix of her deceased husband's estate on two promissory notes. The defendant resisted the judgment by pleading a set-off equal to the amount sued for. She charged that

the note had been executed to one Allen Moore, and that, before the assignment to the plaintiff, without right or authority, he went to the home of her husband and unlawfully and by force took therefrom and converted to his own use certain horses, mules and hogs, worth in the aggregate more than the amount of the two notes. A demurrer was sustained to this answer and set-off and judgment rendered for the amount sued for. Upon appeal here the only question was the validity of this answer. In disposing of the matter the court said:

"The answer, by alleging a forcible taking from the intestate's possession, imports that the property so taken was his, as his possession, alone prima facie implied.

"And although tort can not be set-off against contract, yet the trespass in this case may be waived, and, instead of suing for indeterminate damages arising ex delicto, an action, ex contractu, might be maintained for the value of the property converted on an implied promise to pay the value of it; consequently, indebitatus assumpsit might be maintained for that value. And that which the appellant might have recovered in such an action, she may plead as a set-off in this case, as the demands of both parties arise from contract, express or implied, to pay a certain sum in money (the value of the property, not damages), which might be recovered by each in the character in which they respectively stand and plead in this action. This conclusion does not conflict in principle with any former decision of this court.

"And, though the answer shows a tortious conversion, yet its election to demand only the value of the property waived the tort and relied on implied contract, which might be enforced by indebitatus assumpsit."

This opinion is conclusive of the question under consideration. Judgment affirmed.