# CHARLESTON.

STATE FOR USE ETC. v. FLANAGAN *et als.*

Submitted March 25, 1915. Decided January 25, 1916.

1. COUNTIES—*Suit by County Court—Pleading—Parties.*
   The signing of a bill by the prosecuting attorney of a county on behalf of the county court thereof, none of the allegations contained therein purporting to be made by the county court, is·not sufficient to make it the plaintiff to such bill. (p. 507). ·

2.  EQUITY—*Parties—Right to Sue—Interest.*

> A party having no interest can not maintain a suit in equity on behalf of a party having the only substantial interest.   (p. 507).

3.  SHERIFFS AND CONSTABLES—*Suit on Official Bond—Parties.*

> Sec. 2, Ch. 10, Code 1913, does not authorize a suit in equity to be brought, in the name of the State, on a sheriff's official bond, for the benefit of a county court.   Such suit must be brought by and in the name of the county court.   (p. 507).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Harrison County.

Suit by the State, to the use of the County Court of Harrison County, against John M. Flanagan and others. From decree for defendants, plaintiff appeals.

*Affirmed.*

*A. J. Findley* and *E. D. Lewis,* for appellant.

*Sperry & Sperry* and *Geo. M. Hoffheimer,* for appellees.

WILLIAMS, PRESIDENT:

This suit was brought in equity by the State of West Virginia, for the use and benefit of the County Court of Harrison County, against John M. Flanagan, late sheriff of said county, and the sureties on his official bond, for the purpose of surcharging and falsifying numerous settlements made by him and his deputies during his term of office, which began on the first day of January, 1915.   The State Tax Commissioner, and ex-officio Chief Inspector of Public Offices, pursuant to the provisions of chapter 33, Acts of the legislature of 1908, had caused an audit to be made of the accounts of said sheriff, and a copy of the report of that audit was exhibited with the bill.   It appears from the audit that there were many errors made in the sheriff's annual settlements with the county court and that he was indebted to it in a large sum of money, on account of the various public funds under its control.

The court sustained exceptions to the report of audit on account of alleged irrelevancy of much of the matter therein contained, and to certain portions of the bill referring thereto, and expunged them from the record.   Defendants then demurred to the bill, and on joinder therein by plaintiff the demurrer was sustained, and, plaintiff not desiring to amend,

but electing to stand on its bill as it then was, the bill was dismissed for want of equity, and plaintiff has appealed.

The bill charges that both mistake and fraud were committed by the sheriff in his settlements, and it is useless to cite authorities to show that the bill contains proper matter for equity jurisdiction, if the suit had been brought by the proper party. It appears from the averments of the bill that the county court is the party really interested, and the statute, Sec. 1, Ch. 39, Code 1913, authorizes it to sue and be sued, yet it is not made a party to the bill either as plaintiff or defendant. The caption of the bill styles the suit as brought by the state for the benefit of the county court of Harrison county. The county court is not named as a party, and is not the complainant. The bill is signed by the prosecuting attorney of the county on its behalf, but that is not sufficient to make it the plaintiff; it does not thereby make the state's averments its own. "A suit in equity can not be brought in the name of one party for the use of another." *Kellam* v. *Sayer*, 30 W. Va. 109. *Bank* v. *Cook*, 55 W. Va. 220; and *McClaskey* v. *O'Brien*, 16 W. Va. 791, (Syl. pt. 1). This is a rule of equity procedure which seems to have no exception when the plaintiff has no real interest. An exception exists, of course, in the case of a lienor suing to enforce his lien, or a creditor attacking a fraudulent conveyance by his debtor. In such cases a suit in equity may be brought by a person on behalf of himself and all others situated as he is. But he can not maintain such a suit when he has no real interest himself. Counsel for appellant does not, in his brief, controvert this general rule, but he insists that the statute, Sec. 2, Ch. 10, Code 1913, creates an exception to it, by authorizing suits to be brought upon official bonds, "in the name of the State of West Virginia * * * for the benefit of the State, or of any county, district or corporation or person injured by a breach of the condition of any such bond, until damages are recovered in the aggregate equal to the penalty thereof." This statute was not intended to change, and does not change the rule of equity practice. It was designed to authorize actions at law to be brought upon the bond, in the name of the state, by anyone injured by a breach of its conditions. But for the statute the state alone could

bring an action on the bond, it being the only obligee and no other beneficiary being named therein. The real beneficiary, whether expressly named in the contract or not, could always sue in equity in his own name, whereas in a court of law he had to sue in the name of the party with whom the contract was made. The statute clearly authorizes a suit or action on the sheriff's official bond by any person injured by a breach of its conditions. But, if for any reason he is entitled to bring his suit on the bond in equity and does so, he must complain in his own name and on his own behalf. In the present case the county court is not the suitor and is not named as a party to the bill.

Having reached the conclusion that no error was committed in dismissing the bill on demurrer, the plaintiff having declined to amend, it is unnecessary to determine whether or not the court erred in expunging the exhibit and certain parts of the bill, as the error, if we should find it to be such, would be unavailing to plaintiff.

The decree is affirmed.

*Affirmed.*