## · CHARLESTON.

V. L. SKEEN, ADMINISTRATOR OF W. B. PARSONS, DECEASED, .v.
G. P. PARSONS.

Submitted September 18, 1923.   Decided October 16, 1923.

1. EQUITY—*Party Without Interest Cannot Sue for Use of Another.*

     A party without interest cannot sue in equity for the use of another. (p. 585).

2. CONTRACTS—*Undertaking to Support Another for Life Does Not, in Absence of Circumstances Indicating Such Intention, Impose on Promisor Obligation of Funeral Expenses of Promisee.*

     An undertaking to support another for life does not, in the absence of facts or circumstances indicating such intention, impose upon the promisor the obligation of defraying the funeral expenses of the promisee. (p. 585).

Case Certified from Circuit Court, Jackson County.

Action by V. L. Skeen, administrator of W. B. Parsons, deceased, against G. P. Parsons.  A general demurrer to the bill was overruled, and the questions raised thereon certified.

                    *Reversed, and demurrer sustained.*

*T. J. Sayre, Louis H. Miller* and *Walter French Boggess,* for plaintiff.
*J. L. Wolfe,* for defendant.

LITZ, JUDGE:

This cause is certified from the action of the circuit court of Jackson county overruling a general demurrer to plaintiff's bill of complaint.

The bill alleges that W. B. Parsons (plaintiff's decedent), in consideration of the sum of $206.00 and his maintenance for life, by deed of September 6th, 1916 (in which his wife Parthena joined), conveyed to the defendant, G. P. Parsons, a tract of land containing 45 acres, situated on the waters of Gin's Creek of Stone Lick, in Jackson county.  The deed describes the consideration for the grant as follows: ''That for and in consideration of one dollar in hand paid, and in fur-

ther consideration the said second party agrees and binds himself to pay two hundred and six ($206.00) dollars made payable to R. P. Shinn now in the First National Bank of Ripley, W. Va., due in October, 1916, and further agrees that said W. B. Parsons is to have a home with him during his natural lifetime and when requested and to be well treated and well cared for and to have a good support, I am to be kept at my old homestead; A vendor's lien is hereby retained to enforce the above agreement.''

It is also alleged that the following claims contracted since the execution of the deed have been presented to the plaintiff for payment: for goods, wares and merchandise furnished to W. B. Parsons by the firm of Castro & Hamrick at the request of defendant, $19.89; for medical services rendered W. B. Parsons during his last illness by Dr. F. S. Casto, at the request of defendant, $17.75; for the shroud of W. B. Parsons, furnished by O. J. Morrison & Co., $42.03; for casket furnished and services performed by Talmage Hamrick in the burial of W. B. Parsons, $58.00.

The bill prays: ''That a decree may be entered for the sale of said land to pay off and discharge the said debts and accounts and the interest thereon, and the costs of this suit, and if necessary that this cause be referred to a commissioner to take and ascertain what accounts the said G. P. Parsons is liable to pay''; and for general relief.

The demurrer, being general, was properly overruled if any of the claims set forth constitute basis for the suit.

It is alleged that the first two items were supplied at the instance of defendant. He would then be liable directly to those entitled to payment, who must sue in their own names.

There is no charge of liability against the decedent's estate for either of these debts, nor is recovery thereon sought for its benefit. The estate, then, having no legal interest in the controversy, cannot maintain the suit. A party without interest cannot sue in equity for the use of another. *Kellam* v. *Sayer*, 30 W. Va. 109; *Bank* v. *Cook*, 55 W. Va. 220; *State* v. *Flannigan*, 77 W. Va. 506.

But should the suit be entertained to enforce the payment of claims for funeral expenses? This is not a question of procedure merely, but one of substantive right. Responsibility

for such charges is asserted against defendant as incident to his obligation to support W. B. Simmons for life. We are of opinion that the defendant is bound no farther than the express terms of his agreement, and therefore is not liable to anyone for the payment of these claims. There is nothing in the deed tending to enlarge the specific obligation assumed, and the bill recites no facts or circumstances contemporaneous with and surrounding the execution of the deed indicative of such intention.

The decree of the circuit court, overruling the demurrer, is reversed and the demurrer sustained.

*Reversed.*