## CHARLESTON.

STATE *et al., ex rel.* APPALINE OIL COMPANY *et al. v.* O. F. ARTHUR, *etc., et al.*

(No. C. C. 413)

Submitted January 9, 1929.   Decided January 16, 1929.

560

*Robt. R. Wilson* and *Robt. T. Donley*, for plaintiffs.
*John C. Sherriff* and *E. M. Everly*, for defendants.

HATCHER, JUDGE:.

O. F. Arthur contracted with the State of West Virginia and the county court of Monongalia county, severally, to construct certain sections of a state road. The Fidelity & Casualty Company was surety on the bonds executed to the state and the county court, respectively, to secure the faithful performance of the contracts and the payment for materials furnished and labor performed in and about the construction of the road. The Appaline Oil Company, the Cluss Lumber Company, the Loving Furniture Company, Lewis Lemley and Daniel W. Arthur furnished supplies and labor, respectively, to Arthur in and about the construction of the road, for which they have not been paid. This is a suit in equity to enforce the payment of their claims. The lower court sustained a demurrer to the bill and then certified the case here for our decision on the sufficiency of that pleading.

A comprehensive statement of the matters contained in the bill is not necessary, as the suit is not properly brought. The claimants should have sued in equity in their own names. See *State ex rel.* v. *Royal Indemnity,* 99 W. Va. 277, 289, and cases there cited. Instead, this suit is brought in the names of the state and county, respectively, for the use of the claimants. That procedure is not allowed in this jurisdiction. An early decision of this Court bluntly declares: ''There is no such thing in equity as bringing a suit in the name of one party for the use of another. Equity deals with the real parties in interest.'' *Kellam* v. *Sayer,* 30 W. Va. 198, 199. Later decisions have strictly adhered to that ruling. *Bank* v. *Cook,* 53 W. Va. 220; *State* v. *Flanagan,* 77 W. Va. 505; *County Court* v. *Cottle,* 81 W. Va. 469; *Parsons* v. *Parsons,* 94 W. Va. 584. Claimants contend that sections 2 and 3, Chapter 10, Code, authorize their suit. This same argument was advanced in *State* v. *Flanagan, supra,* but the court there said: ''This statute was not intended to change and does not change the rule of equity practice. It was designed to au-

thorize actions at law to be brought upon the bond, in the name of the state, by any one injured by a breach of its conditions. * * * But if for any reason he is entitled to bring his suit on the bond in equity and does so, he must complain in his own name and on his own behalf.'' Sections 12 and 13 of Chapter 75 are also relied upon by claimants. We find nothing in those sections altering the above equity rule. It is true that the practice pursued by claimants was followed in the case of *State ex rel.* v. *Coda,* 103 W. Va. 676. But no objection was raised in that case to the manner of bringing the suit, and its violation of equity procedure was not brought to our attention. Our inadvertence in that case must not be taken as approval of that practice.

The ruling of the circuit court is accordingly affirmed.

*Affirmed.*