# CHARLESTON.

COMMERCIAL INVESTMENT TRUST *v.* HATTIE LEE BROWNING *et als.*

(No. 6650)

Submitted February 11, 1930.   Decided February 18, 1930.

586

*Samuel Solins*, for appellant.
*Froe, Capehart & Miller*, for appellees.

WOODS, JUDGE:

This is a suit against Hattie Lee Browning, in her own right, and as administratrix of the estate of Samuel L. Browning, deceased, and the surety on her official bond, seeking a decretal judgment against them for $188.00. The lower court found for the defendants and dismissed the plaintiff's bill. The latter appeals.

Samuel L. Browning purchased a $1,100.00 Nash automobile under a conditional sales contract, on June 26, 1926, at the time executing his note for $756.00 for the unpaid portion of the purchase price. This note was payable in twelve monthly installments of $63.00 each. The amount involved in this suit represents the balance due on the last three installments. During the early part of May, 1927, Browning ran his car over an embankment, some distance east of the city of Welch, and was killed. The car was not moved from the place of the accident. On August 23, 1927, plaintiff (in

the absence of any action on the part of the administratrix) caused an appraisement to be made of decedent's personal property. The car was not included therein. On the following day its attorney wrote administratrix (then a non-resident) advising her that he intended to sell the car at public auction at the front door of the court house on September 10, 1927, if the said installments were not paid prior to the last mentioned date. The sale was advertised in the manner prescribed by law. On the latter date two tires and a wheel, which had been removed from the car, were exhibited at the court house, and the car sold for $1.00.

The bill alleges, among other things, that the administratrix had left the state, had failed to return the inventory and make settlement of her accounts as required by law, had squandered the estate and become insolvent, and that plaintiff's claim was the only indebtedness outstanding. *Thompson* v. *Nowlin,* 51 W. Va. 346, 41 S. E. 178. The answers of the administratrix and the surety set up the re-possession and sale of the car by plaintiff; that it was actually worth far more than enough to satisfy the amount sued for; and that plaintiff had not protected the interests of the Browning estate—the car not having been exhibited at the place of sale. Thus the validity of the alleged debt was put in issue.

There is evidence that the car was worth $500.00 as it stood, a month after the wreck, and that the administratrix was offered $400.00 therefor sometime. before the plaintiff claims to have re-possessed same, but that she was of opinion that she could not sell it because it was not paid for. Attorney for the plaintiff testified that it would have cost $35.00 to have got the car into the road; that the two tires and the wheel, heretofore referred to, were exhibited to the prospective bidders, with the explanation that the other parts were at the place of the accident; and that he sold the whole car.

When plaintiff elected to re-possess the car, it thereby obligated itself to dispose of same at a fair sale, in order to protect the estate of the decedent against any undue loss by reason thereof. It is generally required that personal property sold under execution shall be present at the time and place of sale so that it can be readily examined by the bidders.

23 C. J. 631; 10 R. C. L. 1299, 1300. Such was the rule at common law. *Shimer* v. *Mosher,* 39 Hun. 153. The Conditional Sales Act (Chapter 99-A, Code, 1923, as amended and re-enacted by Chapter 64, Acts 1925) being silent on the subject, personal property sold at public auction under section 19 thereof ordinarily must be physically at the place of sale. *Strickland* v. *Hare & Chase, Inc.,* 216 N. Y. S. 506. The very fact that the car was not present *in toto* detracted from its salability. Purchasers would doubt whether anything of value yet remained on the car. Plaintiff could have held the sale in the immediate vicinity of the car and still have complied with the statute.

While it is contended by the plaintiff that the car would not have sold for more than $5.00, yet the fact that it repossessed the same, thereby incurring certain expenses incident to the sale thereof, shows that it was regarded of substantial value at the time of its re-possession. If such was the case, the defendants were hurt by the improper sale. The burden of establishing the validity of the debt was upon the plaintiff. The trial court has found for the defendants on that issue. Under the circumstances we cannot say its finding is at variance with the undisputed evidence or contrary to the plain preponderance of the whole evidence. *Kincaid* v. *Evans,* 106 W. Va. 605, 146 S. E. 620.

The finding of the lower court is accordingly affirmed.

*Affirmed.*