# CHARLESTON.

E. A. LEATHERMAN *v.* E. BLAIR PANCAKE *et als.*

(No. 6562)

Submitted February 18, 1930. Decided March 4, 1930.

*Kilmer & Byrer* and *L. V. Thompson,* for appellant First National Bank of Romney.

*McCauley, Zimmerman & McCauley* and *Martin & Seibert,* for appellee.

MAXWELL, JUDGE:

This is a suit in equity upon attachment on the ground of the non-residence of the debtor, E. Blair Pancake. The suit is predicated on a note for $16,864.03 executed by said Pancake to the plaintiff, dated November 25, 1926, due and payable April 1, 1927, and subject to a credit of $2,000.00 as of April 8, 1927. The affidavit is in proper form. It avers, "that the amount now due and owing by the said E. Blair Pancake to the plaintiff on account of said note is the sum of $15,361.99; that the amount at the least which the affiant believes that he, the said plaintiff, is justly entitled to recover of and from the said E. Blair Pancake in the said suit in equity about to be instituted, by the said E. A. Leatherman against the said E. Blair Pancake and others, is the sum of $15,361.00, * * *." After the pleadings had been made up depositions were taken on behalf of the plaintiff. When testifying in his own behalf, the plaintiff stated on cross-examination that the said note, subject to the credit aforesaid, was the property of himself and his brother, Albert R. Leatherman, and said, in substance, that they had been the joint owners of the note from the time of its execution. Subsequent to the taking of the depositions, and by reason of the said disclosure in the testimony of the plaintiff that he was not in fact the sole owner of the note, Pancake moved the trial court to quash the attachment affidavit and the order of attachment which had been issued thereon and levied upon his property "upon the ground that there is a fatal variance between the said affidavit and the said evidence of the plaintiff with respect to the amount of the debt claimed by the plaintiff against the defendant, E. Blair Pancake, * * *." From the

trial chancellor's decree overruling said motion, this appeal is prosecuted.

It appears from the record that the defendant, Pancake, conducts a fruit packing plant in the city of Romney, and that the plaintiff and his brother are orchardists, and that the note in suit was given by Pancake to E. A. Leatherman for a large quantity of apples sold and delivered by said Leatherman to Pancake in the fall of 1926. It seems that Albert R. Leatherman was not known to Pancake in the apple transaction, but it was conducted entirely between the plaintiff and the defendant, Pancake.

In support of Pancake's contention that the trial chancellor erred in overruling the motion to quash the attachment affidavit and the attachment, reliance is had upon the settled principle of law which subjects the harsh proceeding of attachment to the strictest tests. Typical of the many cases cited by appellant as illustrative of the strictness and rigidity of procedure which circumscribes suits in attachment are *Hovatter* v. *Rowlesburg Lumber Co.*, 100 W. Va. 449, 132 S. E. 662; *Home Distilling Co.* v. *Himmel*, 74 W. Va. 756, 82 S. E. 1094. It is true that the requirements of an attachment affidavit are intended to purge the conscience of one who seeks to employ that drastic remedy. *Altmeyer* v. *Caulfield*, 37 W. Va. 847, 17 S. E. 409, but where an attachment affidavit is challenged not because of any defect apparent on the face thereof, but because of variance between the claim set forth in the affidavit and the proof which is subsequently developed in support of the plaintiff's suit, all of the facts and circumstances must be looked to in determining whether there is. such variance as will necessitate the quashing of the affidavit and the attachment. Now, granting that the plaintiff may not prosecute this equity suit for the benefit of himself and his. brother, Albert R. Leatherman, *State ex rel Appaline Oil Co.* v. *Arthur*, 106 W. Va. 559, 146 S. E. 619, and (leaving out of consideration the question of parties necessary to be before the court before final decree can be entered) granting further that the plaintiff is not entitled to a recovery of more than one-half of the debt which he avers in his affidavit, does it follow that the affidavit and attachment are abortive? There-

is no indication of fraud or bad faith on the part of the plaintiff, who having himself sold the apples to the defendant, Pancake, and having taken the note payable to himself individually for the balance of purchase money due for the fruit, it may be readily understood and appreciated how, in entire good conscience, he would say in his affidavit that he verily believed that he was justly entitled to recover of the debtor, at the least, the full balance of the note, although he recognized that his brother was jointly interested with him in the proceeds thereof. If an attaching creditor, in good faith, avers in his affidavit that he verily believes that he is entitled to recover of the debtor, at the least, a substantial sum of money, but, later, upon full development of the case, it appears that he is entitled to recover only a portion of the amount averred by him in his affidavit, it does not follow that the affidavit and the attachment based thereon must be quashed. *Dudley* v. *Railway Co.*, 58 W. Va. 604, 52 S. E. 718, 3 L. R. A. (N. S.) 1135, 112 Am. St. Rep. 1027. A plaintiff should not be so penalized for an honest error. "The recovery of a less amount than that claimed in the affidavit will not invalidate the attachment." 6 Corpus Juris, 489. In accord: *Dirickson* v. *Showell*, 78 Md. 49, 28 Atl. 896; *Williams* v. *Lumber Co.*, 105 La. 99, 29 So. 491; 1 Shinn on Attachment and Garnishment, sec. 133; *Emerson* v. *Detroit Steel & Spring Co.*, 100 Mich. 127, 58 N. W. 659. "When a party acts in good faith, he is not guilty of constructive fraud in commencing an attachment suit upon a stated account for a greater sum than is actually due. His attachment to the extent of the amount actually due to him is valid against subsequent attaching creditors." *Mendes* v. *Freiters*, 16 Nev. 388.

If, as a general rule, the laying of the claim at an excessive amount will not vitiate the attachment, if there is no bad faith, what practical difference can it make to the debtor whether the said excessive claim was predicated on miscalculation, misapprehension of plaintiff's right, or failure to recognize that he cannot in equity prosecute in his own name a suit for the whole of the balance due on a promissory note, though payable to himself, if another person be jointly interested therein?

652

These considerations lead us to the conclusion that the attachment affidavit in suit should not be quashed merely because the proof has developed the fact that the plaintiff is not the sole owner of the debt and is not entitled to recover for himself more than one-half of the amount for which the attachment was issued. We, therefore, affirm the action of the trial court in overruling the motion to quash.

*Affirmed.*