STANDARD OIL COMPANY OF NEW JERSEY *v.* K. J. SMITH *et al.*

(No. 8018)

Submitted January 19, 1935. Decided January 22, 1935.

*Robert H. C. Kay* and *Dale G. Casto,* for appellant.

*M. Harper Mauzy* and *Rummel, Blagg & Stone,* for appellee Standard Oil Company of New Jersey.

HATCHER, JUDGE:

This is a suit in equity against the bond of a subcontractor on a public road, to recover for material furnished on the subcontract. The plaintiff sued on behalf of itself and other furnishers of material and the laborers of- the subcontractor. From a decree in their favor, the surety on the bond appealed.

Cain and Company were the principal contractors on a state road project, and executed the statutory bond required of them as such. They sublet by written contract a part of the project to the defendants, K. J. Smith and Son. The latter executed the bond in question in favor of Cain and Company, as obligee, with defendant, National Union Indemnity Company, as surety. That bond was conditioned that the Smiths should complete the work according to the contract, etc., and that they should pay "all and every person furnishing material or performing labor in and about the construction of said work, all and every sum or sums due him, them or any of them for all such labor or materials," for which the Smiths were liable.

The surety presents the following points: (a) "The surety on the subcontractor's bond is not liable to the labor and materialmen for there is no privity of contract between them." (b) "No one but a party to a sealed instrument may sue thereon except by statute." The brief of defendants cites a number of decisions in support of its points. The citations, however, are based on the common law or on rules governing law actions. Since this is a suit in equity and we have a practice in this jurisdiction relating to such suits, we see no particular purpose in reviewing the citations. Suffice to say that defendants' points would seemingly have merit under the common law, though the reasons for applying that law to such cases, are said to be "now obsolete." Annotation 47 A. L. R. 24. See generally on the common law, Chitty on Pl. (16th Am. Ed.), page 2, etc.; 2 Tucker's Comm. 209; 4 Minor's Inst. 4501.

We inherited from Virginia statutory recognition of the right of one not a party to a contract to bring an action on a covenant for his sole benefit. In 1849, the legislature of Virginia enacted the following provision: "* * * if a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain in his own name any action thereon, which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise." See

18

Va. Code 1849, ch. 116, sec. 2. That provision was adopted verbatim in the West Virginia Code of 1868, ch. 71, sec. 2, and has been carried into our present Code 1931, 55-8-12. The purpose of the statute is obvious and it was construed in *Johnson* v. *McClung,* 26 W. Va. 659, 670-1, to mean exactly what it says. The opinion in that case further explained: "If a covenant were made partly for the benefit of several whose names were not signed to the covenant or contract, and neither had a distinctive right to the benefit of that particular promise or covenant, I do not understand that a court of law would allow either of such persons to maintain a suit thereon under the provisions of the statute." The provision of the bond herein relative to the payment of materialmen and laborers is a covenant for their primary benefit as a class. Because the covenant is for the protection of a class no one of whom has a distinctive right to the benefit, an action at law is not permissible under the *Johnson* case. But we have repeatedly held that one of such a class could proceed in equity for the benefit of himself and the other members of his class. See *King* v. *Scott,* 76 W. Va. 58, 62, 84 S. E. 954; *Petty* v. *Warren,* 90 W. Va. 397, 402-3, 110 S. E. 826; *State ex rel.* v. *Royal Ind. Co.,* 99 W. Va. 277, 289, 128 S. E. 439; *State ex rel.* v. *Arthur,* 106 W. Va. 559, 560, 146 S. E. 619; *Meade* v. *Casualty Co.,* 111 W. Va. 504, 163 S. E. 8. Under this holding, the distinction between a private or a public bond or between a sealed or an unsealed instrument is not material.

The annotations and encyclopedias on this subject, which we have examined, refer to no decisions just like ours. We do not consider an extended search therefor requisite. Our practice may be *sui generis,* but it is the necessary outcome of the broad equity principle that equity is always open to the real party in interest. *Grove* v. *Judy,* 24 W. Va. 294, 298. The fact that the interest is based upon an ordinary covenant makes no difference if the law is unavailing. "Contracts may be enforced (in equity) where, from some default; or some lack of legal formality or condition, no action at law can be maintained." Pomeroy's Eq. Juris. (4th Ed.), sec. 1297. The jurisdiction of equity in cases like this seemed so certain

that it was stated unequivocally and without even citation of authority in *State, etc.* v. *Flanagan*, 77 W. Va. 505, 508, 87 S. E. 878, as follows: ''The real beneficiary, whether named in the contract or not, could always sue in equity in his own name, whereas in a court of law he had to sue in the name of the party with whom the contract was made.'' Accord: Williston on Contracts, sections 357-8.

The bill alleges that the subcontract had been fully completed and accepted, etc. Even so, since the obligee was primarily interested in the penalty of the bond herein, the obligee should have been made a party if only a nominal one. Since no point is raised as to the absence of the obligee, we will not reverse therefor in this instance.

The decree of the circuit court is accordingly affirmed.

*Affirmed.*