THE CHARLESTON MILLING & PRODUCE COMPANY *v.* H. B. CRAIGHEAD *and* OCIE CRAIGHEAD

(No. 8042)

Submitted February 20, 1935. Decided March 16, 1935.

*W. A. Thornhill, Jr.,* and *Ned Ragland,* for plaintiff in error.

*McGinnis, Ashworth & Mann,* for defendants in error.

LITZ, PRESIDENT:

This is an action by a notice of motion for judgment upon a promissory note signed by defendants, H. B. Craighead and Ocie Craighead, his wife, and payable to the order of plaintiff, Charleston Milling & Produce Company, in the sum of $1,354.48.

At the time of signing the note, and to secure the payment thereof, the makers conveyed to Harvey G. Davis, trustee, a stock of merchandise and fixtures of a retail mercantile business conducted in the name of Rhodell Feed Store at Rhodell, Raleigh County, West Virginia. As further security for the

payment of the note, H. B. Craighead later assigned to plaintiff choses in action of the Rhodell Feed Store aggregating $1,556.11. Plaintiff purchased the merchandise and fixtures for $200.00 at an allegedly void sale under the trust deed before instituting this action. The sale was held at the front door of the courthouse of Raleigh County (one-quarter mile from where the goods were stored in the warehouse of plaintiff) in violation of a provision of the trust deed requiring sale thereunder to be made at the front door of the store building at Rhodell in which the property was located at the time the deed was executed.

H. B. Craighead filed a counterclaim for the value of the merchandise, fixtures and choses in action, upon the theory that he owned the choses in action at the time of assigning them to plaintiff and the merchandise and fixtures at the time of their conversion, and that his wife signed the note as accommodation maker for him. The jury having been instructed that the sale under the trust deed was void, that the counterclaim must be established by a preponderance of the evidence, and that only the amount of the choses in action collected by plaintiff could be set off against the note, returned a verdict in favor of defendants. To the judgment entered thereon, plaintiff obtained this writ.

Reversal is sought on the grounds (1) that the value of the goods and fixtures sold under the trust deed is unliquidated; (2) that the sale was valid; and (3) that defendants had owned the merchandise, fixtures and choses in action jointly and were also primarily liable as makers of the note.

The Supreme Court of Appeals of Virginia has held under the Virginia statute of set-off similar to ours (Code 1931, 56-5-4) that a defendant may, in an action at law for a liquidated demand, set off the value of goods belonging to him which the plaintiff has converted to his use. *Tidewater Quarry Co.* v. *Scott,* 106 Va. 160, 52 S. E. 835. The rule is followed in *Bulkeley* v. *Welch,* 31 Conn. 339; *Eversole* v. *Moore,* (Ky.) 3 Bush 49. The trust deed and note being parts of the same transaction, the counterclaim is also authorized under the statute of recoupment, Code 1931, 56-5-5, providing that in any action on a contract, the defendant may file a

plea alleging any such failure in the consideration of the contract, or fraud in its procurement, or any other matter as would entitle him either to recover damages at law from the plaintiff or the person under whom the plaintiff claims, or to relief in equity in whole or in part against the obligation of the contract. "Where the provisions of the statute or mortgage as to sale are not substantially complied with and have not been waived, the mortgagor is entitled to have the value of the property applied to the mortgage debt and, if the value exceeds the debt, to recover the difference from the mortgagee; * * *." 11 C. J. 717.

There is no doubt that the sale under the deed of trust is void. In an extensive annotation at page 1194, 69 A. L. R., citing cases from many states, the rule governing is stated as follows: "It is almost universally held that when a sale of personal property is required to be made by sale at 'public auction', whether at a judicial sale, execution sale, or foreclosure sale, the property so sold must be physically present at the sale, and so exposed to view that those attending the sale may have an opportunity of examining and inspecting the property for the purpose of determining its value, should they desire to do so. Otherwise the sale is irregular and void * * *." The rule has been adopted by this Court in *Commercial Investment Trust* v. *Browning*, 108 W. Va. 585, 152 S. E. 10.

Plaintiff, insisting that the subject matter of the counterclaim filed in the name of H. B. Craighead was owned jointly by him and his wife, relies upon recitals in the trust deed to the effect that defendants were jointly conducting the mercantile business. Both defendants testified that the business was owned and managed by the husband alone, and that the wife signed the note merely as an accommodation maker. Moreover, he alone assigned to plaintiff the choses of the feed store. If, as a matter of law, according to plaintiff's contention, the subject matter of the counterclaim is the joint property of defendants and both are primarily liable on the note, then the counterclaim was properly considered by the jury as meeting the requirement of mutuality.

The judgment is, therefore, affirmed.

*Affirmed.*