## In Equity.

### WESTINGHOUSE ELECTRIC & MANUFACTURING COMPANY

*vs.*

### AUBURN AND TURNER RAILROAD COMPANY.

Androscoggin.    Opinion February 9, 1910.

*Sales.   Conditional Sales.   Seller's Lien.   Revised Statutes, chapter 113, section 5.*

Revised Statutes, chapter 113, section 5, making property sold under retention of title until payment of the price subject to redemption, and permitting foreclosure of the same as chattel mortgages, applies to an agreement of sale whereby title was retained until payment of notes for the purchase price.

Revised Statutes, chapter 113, section 5, making property sold under retention of title until payment of the price subject to redemption and permitting foreclosure of the same as chattel mortgages, gives the buyer a right to redeem after condition broken, which right continues until the seller forecloses in the manner provided for foreclosing chattel mortgages.

Under Revised Statutes, chapter 113, section 5, making property sold under retention of title until payment of the price subject to redemption and permitting foreclosure of the same as chattel mortgages, the seller can sue

for the debt and also enforce his lien, concurrently or successively, and is entitled to possession as a means of enforcing payment, there being no contrary provision in the contract.

In equity.   On exceptions by plaintiff.   Sustained.

Bill in equity brought by the plaintiff. against the defendant corporation for the appointment of a receiver and adjustment of claims due and owing various creditors from the defendant corporation. The case is stated in the opinion.

*White & Carter,* for Westinghouse Elec. & Mfg. Co.

*S. Merritt Farnum,* for Gould Storage Battery Co.

*Hight & Hight,* for American Trust Co.

*Harry Manser,* for Auburn & Turner R. R. Co.

SITTING :   EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J.   This is a bill in equity brought by the plaintiff, a creditor, against the defendant, seeking the appointment of a receiver to determine and liquidate its affairs.   A receiver was appointed to take charge of the defendant company and a master selected to examine and report the condition of its accounts.   Among the claims presented in addition to that of the plaintiff, was one by the Gould Storage Battery Company for the conditional sale of an electrical apparatus for $6400 for which a note of the defendant was given and endorsed by Edgar S. Hill and Frank W. Dana.   The contract of sale duly executed by the Battery Company and the defendant company contained the following stipulation :   "The title to the apparatus sold shall not pass from the Battery Company until payments herein (including deferred payments and any notes and renewals thereof if any) shall have been fully made in cash.   The purchaser agrees to do all acts necessary to perfect and assure such retention of title in the Battery Company."

"Terms of payment :   Nine (9) months from date of invoice, to be secured by note of the Auburn and Turner Railroad, bearing interest at five (5) per cent, and endorsed by Mr. Frank W. Dana."

After it became due suit was brought upon the note and on the 16th day of February, 1907, judgment was recovered in the Supreme

Judicial Court for the county of Androscoggin against the defendant and the endorsers for the sum of $6843.55. The claim of the Westinghouse Electric & Mfg. Co. was also based upon a judgment.

Upon this state of facts, reported by the master, the plaintiff and the Gould Storage Battery Company, petitioned the court among other things, to "declare and establish the title of your petitioner by virtue of said contract to the electrical apparatus and merchandise therein described." The sitting Justice declined to grant the petition, and held that "under the terms of the contract, upon default, the claimant had an election of rights and remedies. It has a right to reclaim the property, and this would have been an election to treat the transaction as no sale. Or, it had a right to bring an action for the price, and this, I think, at least, if the action was pursued to judgment, would have been an election to affirm the same." Upon exceptions to this ruling the case is before us.

From the opinion of the sitting Justice his ruling would appear to be based on the theory that the transaction was a mere common law conditional sale, unaffected by any statute. We think, however, that under our statute, R. S., ch. 113, sec. 5, the vendor retained, not the entire title, but practically only a lien on the property as security for the promise of the vendee to pay the agreed price, and hence that we have no occasion to consider what would be the rights of the parties to a conditional sale. The statute makes the authorities cited in support of the ruling inapplicable to this case. The statute (R. S., ch. 113, sec. 5) is as follows:

"No agreement that personal property bargained and delivered to another, shall remain the property of the seller till paid for, is valid unless the same is in writing and signed by the person to be bound thereby. And when so made and signed, whether said agreement is, or is called a note, lease, conditional sale, purchase on installments, or by any other name, and in whatever form it may be, it shall not be valid, except as between the original parties thereto, unless it is recorded in the office of the clerk of the town in which the purchaser resides at the time of the purchase. The fee for recording the same shall be the same as that for recording mortgages of personal property. All such property, whether said

agreements are recorded or not, shall be subject to redemption and to trustee process as provided in section fifty of chapter eighty-eight, but the title may be foreclosed in the same manner as is provided for mortgages of personal property." The language is comprehensive enough to include a transaction like that in this case. By the statute the vendee has the right of redemption after condition broken which right continues till the vendor forecloses the right in the manner provided for foreclosing chattel mortgages. Practically, therefore, the right of the vendor is that, and only that, of a mortgagee of personal property under a chattel mortgage given as security for a debt. He can attempt the collection of his debt by suit and also by enforcing his mortgage security concurrently, or successively. *Whitlock Machine Co.* v. *Holway*, 92 Maine, 414.

In these cases the debt has not been paid though over due and the vendors (there being in the contract no stipulations to the contrary) are entitled to the possession of the property as prayed for as a means of enforcing the payment of the debt.

It was said by the sitting Justice, "In essential particulars this claim," meaning the Westinghouse claim, "does not differ from that of the Gould Storage Battery Co." We concur in this conclusion, and therefor the same rules of law govern the decision of both cases, and the entry in both cases must be,

*Exceptions sustained.*