(July 9, 1925.)

## EARLE F. CRANSTON, Appellant, v. WESTERN IDAHO LUMBER & BLDG. CO., a Corporation, and MOTOR SERVICE COMPANY, a Corporation, Respondents.

[238 Pac. 528.]

CONDITIONAL SALE—SALE OF PROPERTY UPON DEFAULT—WHEN HOLDER MAY PURCHASE AT AUCTION SALE.

1.   Where a notice of sale of personal property at auction does not reserve the right under C. S., sec. 5693, to bid on behalf of the seller it is unlawful for the seller to bid himself or to employ or induce any person to bid at such sale on his behalf, or for the auctioneer to employ or induce any person to bid at such sale on behalf of the seller, or knowingly to take any bid from the seller or any person employed by him.

2.   Where the holder of a title retaining note repossesses the property described therein because of the alleged default in payment by the purchaser, the holder of the note cannot purchase the property, described therein at public sale, unless he has reserved the right to purchase in the notice of sale.

APPEAL from the District Court of the Seventh Judicial District, for Payette County, Hon. B. S. Varian, Judge.

Action to recover balance on title retaining notes.   Judgment for defendant.   *Affirmed.*

Davidson & Davison and Chas. M. Kahn, for Appellant.

Sales under conditional sales contracts are for account of buyer.   (24 R. C. L., sec. 786, p. 493; *First National Bank of Sheridan v. Yokum*, 96 Or. 438, 189 Pac. 220; *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214; *Continental Guaranty Co. v. People's Bus Line* (Del.), 117 Atl. 275; *Mark Means Transfer Co. v. Mackinzie*, 9 Ida. 165, 73 Pac. 135; *Barton v. Groseclose*, 11 Ida. 227, 81 Pac. 623; *Leaf v. Reynolds*, 34 Ida. 643, 203 Pac. 458.)

Purchase by the seller does not render sales under conditional sales contracts void. (*Dederick v. Wolfe*, 68 Miss. 500, 24 Am. St. 283, 9 So. 350; *Daniel v. I. A. Thornton &*

*Co.,* 28 Ga. App. 428, 111 S. E. 575; *Pressly v. McLanahan Bros.,* 15 Ga. App. 366, 80 S. E. 902; *Ackerman v. Rubens,* 167 N. Y. 405, 82 Am. St. 728, 60 N. E. 750, 53 L. R. A. 867.)

Such sales, at the most, are voidable only. (*Copsey v. Sacramento Bank,* 133 Cal. 659, 85 Am. St. 238, 66 Pac. 7, 204; *Smith v. Downey,* 38 Colo. 165, 88 Pac. 159; *Kinard v. Kaelin,* 22 Cal. App. 383, 134 Pac. 370.)

Norris & Sutton for Respondent Western Idaho Lumber etc. Co.

Where notice has not been given that a sale by auction is subject to a right to bid on behalf of the seller, it is not lawful for the seller to bid himself or to employ or induce any person to bid at such sale on his behalf, and it is likewise unlawful for the auctioneer to take such a bid.  (C. S., sec. 5693.)

A thing is void which is done against the law at the very time of doing it.  (40 Cyc. 216, note 70; *Jones v. Hanna,* 81 Cal. 507, 22 Pac. 883; 13 C. J. 411, sec. 341.)

One cannot be both purchaser and seller in the same transaction.  (C. S., sec. 5673; Newark, The Law of Sales, sec. 3; Benjamin on Sales, sec. 1; *Beck v. Finley,* 77 Okl. 213, 187 Pac. 488.)

WILLIAM A. LEE, C. J.—Appellant became the holder of two title retaining notes executed by respondent to the Motor Service Company, a corporation, in the amount of $3,140 each and representing the balance due upon the purchase price of two motor-trucks.  Respondent defaulted in making payments as provided in the notes and appellant repossessed the trucks and gave notice of intention to sell the same at auction. sale and apply the proceeds on the purchase price.  Separate notices of the intention to sell the trucks were given to respondent, and were published in the local newspaper.  The notices stated, in effect, that appellant would sell at public auction ten days after the issuance of the notices the two certain trucks, describing them, which respondent had contracted to buy from the Motor

Service Company and in part payment of which respondent had given the two notes, setting out in substance the terms of the notes. These notes provided that upon default in payment of any of the instalments the payee or its assigns might take possession of the trucks and sell the same at public or private sale, with or without notice, and apply the proceeds of such sale to the amounts remaining unpaid on the notes. The notice also stated that appellant was the lawful owner and holder of said notes, and that default having been made in payment thereof, he would sell said motor-trucks, describing them, at public auction, to satisfy the principal sums due together with interest, and look to respondent for any deficiency if the property be not sold for enough to satisfy the principal and interest due thereon, with costs and expenses of the sale, and that there was due, owing and unpaid on each of said notes, the sums of $2,878.32, together with interest.

The auction sale was held on the date named in the notices and appellant purchased the trucks, one for $1,450 and the other for $1,100. Thereafter he brought this action to recover from respondent the amounts due on the notes after deducting the amounts realized at the auction sale.

The cause came on for trial before the court without a jury, and the appellant introduced oral and documentary evidence in support of the allegations of his complaint. After appellant had rested his case, respondent, Western Idaho Lumber and Building Company, moved the court for a nonsuit against appellant upon the ground that he had failed to prove a case entitling him to any relief, which motion was sustained and a judgment of no cause of action was entered against him from which he appeals.

This appeal presents a question as to the construction of C. S., sec. 5693, relating to the uniform sales law. This section *inter alia* contains the following provisions:

"In case of sale by auction:

" . . . . (3) A right to bid may be reserved expressly by or on behalf of the seller.

"(4) Where notice has not been given that a sale by auction is subject to a right to bid on behalf of the seller, it shall not be lawful for the seller to bid himself or to employ or induce any person to bid at such sale on his behalf, or for the auctioneer to employ or induce any person to bid at such sale on behalf of the seller or knowingly to take any bid from the seller or any person employed by him. Any sale contravening this rule may be treated as fraudulent by the buyer."

The title retaining notes do not reserve on behalf of the holder a right to purchase in case the vendee defaults and the property is repossessed and resold. The holder can maintain an action for a deficiency after the sale only in the event that such unpaid balance is ascertained by a lawful sale of the property. If he elected to sell at public auction, it was incumbent on him to allege and prove a lawful sale of the property. This he failed to do: First, he did not reserve a right to bid on behalf of the seller as required by subdivision 3 of this section; and secondly, he did not comply with subdivision 4 which makes it necessary that the notice of sale reserve the right to bid on behalf of the seller; and thirdly, it is not lawful for the seller to bid himself or to employ or induce any person to bid at such sale on his behalf, or for the auctioneer to employ or induce any person to bid on behalf of the seller or knowingly to take any bid from the seller or any person employed by him, unless such right was reserved in the notice.

It cannot be logically contended that property has been lawfully sold at an auction sale where the alleged sale was upon a bid of the seller declared by statute to be unlawful, or where the auctioneer was forbidden by this statute to accept the bid upon which the sale was made. Hence there was no lawful sale within the requirements of C. S., sec. 5693. It follows that appellant cannot maintain an action for a deficiency where there has not been a lawful sale.

It is suggested that the last sentence of subdivision 4 qualifies all of the preceding provisions relative to an auction sale and that only the buyer at such sale can take

advantage of the failure to comply with the requirements of the statute in the particulars mentioned. This position is not tenable for the reason that if the seller could not lawfully bid and the auctioneer could not lawfully accept his bid he was not a purchaser. To give this statute the construction contended for would be tantamount to holding that a seller at an auction sale might purchase the property offered for sale, although it was being sold in violation of the statute, and might thereafter, at his option, treat the sale as fraudulent and repudiate his purchase, or he might approve such sale and thereby make it valid. This construction would render the statute meaningless, because it would make the effectiveness of the statute depend upon the option of the seller who had violated its terms, and allow him to profit by his own wrongful acts.

It may be that under this last provision, which gives the purchaser the option of treating the sale as fraudulent and repudiating the same, where any of these prohibited acts have been done by the seller or auctioneer, that a third person not in collusion with any of the parties in the matter of violating the statute, may acquire rights at such sale, that would be protected, but no such question is presented by this record.

The judgment of the court below should be affirmed, and it is so ordered, with costs to respondent.

Wm. E. Lee, Budge and Givens, JJ., concur.

TAYLOR, J., Concurring Specially.—I concur in the result, but upon other grounds than those assigned.

I do not think that the conditional sales contract in issue is subject to the provisions of the uniform sales law. It was a "transaction in the form of a contract to sell or a sale which is intended to operate by way of . . . . charge or other security," specifically exempt from the acts under C. S., sec. 5747. (*Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165, 73 Pac. 135.)

° 41 Idaho—10

I think, however, that the principles of C. S., sec. 5693, sought to be applied were applicable under the common law and the rules of law applicable without or before or after the adoption of the uniform sales law. Puffing and by-bidding have been condemned without such a statute. (2 R. C. L., p. 1129, sec. 15; 6 C. J., p. 833, sec. 34.) Further, there was no sale because there was neither agreement that the vendor could buy, nor notice that he would bid if, by giving notice, he could be a buyer. The appellant could not be both seller and buyer. (*Freeman v. Poole,* 37 R. I. 489, Ann. Cas. 1918A, 841, 93 Atl. 786, L. R. A. 1917A, 63; *Warlow v. Harrison,* 1 El. & El. 295, 120 Eng. Reprint, 920; s. c., 1 El. & El. 309, 120 Eng. Reprint, 925; *Bexwell v. Christie,* 1 Cowp. 396, 98 Eng. Reprint, 1150.)