C. I. T. CORPORATION

*vs.*

HERBERT C. HAYNES

Penobscot.    Opinion, August 5, 1965.

*Rudman & Rudman,*
    by *Paul L. Rudman,* for Appellant.

*Richard H. Broderick,* for Appellee.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, JJ.
    RUDMAN, J., did not sit.    SULLIVAN, J., sat at argument but retired before the opinion was adopted.

MARDEN, J. On appeal from decree of a single justice on jury waived hearing.

On October 9, 1961 defendant purchased under conditional sales agreement from vendor in Lewiston, a mobile power crane. Among the terms of the conditional sales contract it was provided that "to the extent permitted by law" the vendor or its assigns might repossess the equipment, without notice or legal process, "retain all prior payments as partial compensation for its use, and equipment may be sold with or without notice at private sale or at public sale," the proceeds of such sale less expense of repossession, repair, etc., to be credited upon the unpaid balance, and that the vendee would pay the balance of the purchase price as liquidated damages. The conditional sales contract was assigned upon the same date to the plaintiff.

In July or August of 1962 defendant returned the equipment to the vendor's premises in Lewiston for the purpose of having it remounted for more mobility, but inasmuch as defendant did not prosecute this proposed change the equipment remained for some time at Lewiston. Payments upon the equipment became delinquent and on February 2, 1963 plaintiff repossessed it and moved it from Lewiston to Portland. While the crane was in Portland, defendant paid $1,000.00 on March 21, 1963, and another $1,000.00 on April 5, 1963 to his vendor, which money plaintiff received.

After the date of repossession, on at least one occasion, a representative of plaintiff told the defendant that if the payments could not be brought to date the equipment would be sold. No date of sale was fixed. Within Section 9 "Conditional Sales" of Chapter 119, R. S., 1954, then in effect[1] was this provision:

> "In all cases where a power of sale has been reserved in a conditional sales contract, the conditional sales vendee shall be given at least 10 days' written notice, mailed to him either at the address

stated in such contract, or at his last known place of abode, of the intention of the holder of such contract to sell said property, which notice shall state the date, time and place of such sale."

No notice in compliance with this statute was given the defendant. The equipment was sold on October 1, 1963 and the plaintiff, after crediting the net proceeds of the sale toward the contract price, seeks to recover the balance.

The single justice held that compliance with the statutory notice was a condition precedent to the recovery of any deficiency against the conditional vendee, that lack of such notice was not waived by the vendee and denied recovery. Plaintiff appeals.

The appeal is confined to the question whether compliance with the statutory notice was a condition precedent to the recovery of any deficiency due under the terms of the conditional sales contract. The appeal as so expressed raises no issue on the competence of the single justice to have found that there was no factual waiver of the statutory provision after repossession. Whether our law permitted a waiver embodied in the sales contract is considered within the point of appeal.

The power given to the vendor to repossess and sell is not under attack and we have held in chattel mortgages that such a power is valid and by itself neither "impairs the mortgage nor clogs the equity of redemption." *Consolidated Rendering Co.* v. *Stewart, et al.*, 132 Me. 139, 142, 168 A. 100 and the court went on to say:

"* * * we think it may be accepted as the law here, as elsewhere, that a valid power of sale may be inserted in a chattel mortgage and, if the power

[1]   When the Uniform Commercial Code was adopted by Public Laws, 1963, § 362, effective December 31, 1964, the reference Section 9 of Chapter 119, R. S., 1954, was repealed. The Uniform Commercial Code requires "reasonable notification" of the sale. 11 M. R. S. A., § 9-504.

> is exercised in accordance with its terms and *with fairness to the mortgagor, if no statute intervenes,* the equity of redemption is extinguished. * * * ." (Emphasis added.)

The principles of chattel mortgages and conditional sales are sufficiently alike to apply the *Stewart* holding to the latter. See *Westinghouse Electric & Manufacturing Company* v. *Auburn and Turner Railroad Company,* 106 Me. 349, 352, 76 A. 897; *Doylestown Agricultural Company* v. *Brackett, Shaw & Lunt Company,* 109 Me. 301, 309, 84 A. 146; and *Harvey* v. *Anacone,* 134 Me. 245, 246, 184 A. 889.

The issue is centered in the contradiction of the terms of the conditional sales contract and the reference statute. The defendant-vendee agreed at the time of purchase that upon vendor's repossessing the equipment, that "to the extent permitted by law" it could be sold "with or without notice." The statute requires that in such cases (where a power of sale has been reserved in the conditional sales contract) the vendee "shall be given at least 10 days' written notice, * * ."

No Maine case has been called to our attention nor have we found one where conflict between contract term and statute has been discussed, but the principle has been recognized in real estate mortgages, and it is settled that a mortgagor will not be permitted to "release, surrender or embarrass his right of redemption by any agreement made at the same time and as a part of the mortgage transaction." *Greenlaw, Executrix* v. *Eastport Savings Bank, et al.,* 106 Me. 205, 207, 76 A. 485. In *Desseau* v. *Holmes, et al.,* 73 N. E. 656, 657 (Mass. 1905) the exact point has been passed upon, in which the court held that a waiver in the conditional sales contract by the vendee of a provision imposing upon the conditional vendor certain duties before he could foreclose the vendee's right to redeem, was void as against public policy. The principle in *Desseau* has been followed

in Massachusetts down to and including *Quality Finance Company* v. *Hurley,* 148 N. E. (2nd) 385, [4] 389 (Mass. 1958)[2] which is the most recent case upon the point in Massachusetts as found in the reporter series.

In other jurisdictions having statutes pertaining to the subject, such as the Personal Property Law of New York and the Uniform Conditional Sales Act, the principle is re-iterated. See Annotations on the general subject of rights and remedies as between parties to conditional sales as appear in 37 A. L. R. 91, III d. at 110; 83 A. L. R. 959, III c. at 970; 99 A. L. R. 1288, IIIc. at 1298; 49 A. L. R. (2nd) 15, II § 5 at 29, III § 11 at 45, and of which cases *Crowe* v. *Liquid Carbonic Co.,* 208 N. Y. 396, 102 N. E. 573 (1913), is illustrative and leading.

The single justice held that the antecedent waiver by the vendee of statutory notice supplied him by the statute, was against public policy and we agree. Such sale by the plaintiff was invalid.

Of what effect, if any, has the invalidity of this sale upon plaintiff's attempt to recover a deficiency judgment?

While at common law the terms of the contract controled and, absent appropriate provision for redemption upon default, the vendee was without remedy unless he performed as agreed, *Franklin Motor Car Company* v. *Hamilton,* 113 Me. 63, 65, 92 A. 1001, statutes soon were enacted to protect the improvident and impecunious vendee from unfair dealing and imposition. Our statute granting a right of redemption to a conditional vendee appeared first in Chapter 71, P. L., 1872[3], and similar statutes in other jurisdic-

---

[2] " * * * because it deprives the conditional vendee of benefits afforded to a defendant in his position by * * (statute cited)" and "because of the very strong public policy of protecting conditional vendees against the 'imposition by conditional vendors and instalment houses' * * ."

[3] It is to be noted that the clause in Chapter 71, P. L., 1872, reading "but the parties may lawfully stipulate in said notes, that no right of redempion shall exist after breach thereof by non-payment * * " was stricken by Chapter 273, P. L., 1889, and has not reappeared.

tions have long existed, some of which have been embodied within the Uniform Conditional Sales Act and now the Uniform Commercial Code (11 M. R. S. A., §§ 2-703, 2-706, and § 9-504).

As expressed in Annotation in 49 A. L. R. (2nd) *supra* in § 24, Page 82, "(u)nder the various statutes requiring a resale of repossessed property, it is generally held that such a sale, properly carried out, is a condition precedent to the recovery of the balance due under the conditional sales contract, and accordingly, where the seller defaults as to the sale he loses any claim to a recovery of the deficiency." While neither our statute nor the contract under discussion requires a resale, the rule that the provisions of a statute prescribing manner of resale must be observed as a condition precedent to holding the conditional vendee for a deficiency judgment, is by weight of authority enforced. *Massillon Engine & Thresher Co.* v. *Wilkes*, 82 S. W. 316, col. 2, 318 (Tenn. 1904) ; *Cranston* v. *Western Idaho Lumber & Bldg. Co., et al.*, 238 P. 528, [2] 529 (Idaho 1925) ; *Commercial Inv. Trust* v. *Browning, et al.*, 152 S. E. 10 (W. Va. 1930) ; *Mack International Motor Truck Corporation* v. *Thelen Trucking Co., et al.*, 237 N. W. 75 (Wis. 1931) ; *Commerce Union Bank* v. *Jackson*, 111 S. W. (2nd) 870, [6-8] 872 (Court of Appeals, Tenn. 1937, cert. den. by Supreme Court 1937) ; *Mott* v. *Moldenhauer*, 27 N. Y. S. (2nd) 563, [6, 7] 566 (Supreme Court, New York, 1941, appeal dismissed by Court of Appeals, 39 N. E. (2nd) 293) ; *Veterans Loan Authority* v. *Rozella, et ux.*, 90 A. (2nd) 505, [1, 2] 506 (Supr. Court, N. J. 1952, cert. den. Supreme Court, 91 A. (2nd) 448, 1952) ; and *Kolehouse* v. *Connecticut Fire Ins. Co.*, 65 N. W. (2nd) 28, [1-3] 30 (Wis. 1954).

We so hold. Our statute prescribing a written notice to the conditional vendee before resale by the conditional vendor in possession was mandatory. Compliance with this mandate was a condition precedent to the recovery of any

deficiency due under the terms of the conditional sales contract.

The cases of *Mercier* v. *Nashua Buick Co.*, 146 A. 165 (N. H. 1929) followed by *Randall* v. *Pingree*, 125 A. (2nd) 658 (N. H. 1956), with contrary result, are urged upon us. These cases rest upon the statute particular to that State and are not controlling.

*Appeal denied.*