CAMDEN NATIONAL BANK

v.

Kathryn ST. CLAIR.

Supreme Judicial Court of Maine.

Sept. 10, 1973.

**330**

Harmon & Jones by Rendle A. Jones, Camden, for plaintiff.

Domenic P. Cuccinello, Thomaston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

This is an appeal from a judgment for defendant, Kathryn St. Clair, entered in the Superior Court (Knox County) sustaining a judgment for defendant entered by a District Court (District Six, Division of Knox).

The District Court had made the following findings of fact which, because evidentially supported, were correctly upheld by the Superior Court.

On March 2, 1970, one Richard Arlen St. Clair, together with his mother, Kathryn St. Clair, acting as an accommodation maker, executed a promissory note in which they jointly and severally promised to pay to the plaintiff, Camden National Bank, the sum of $3,330.72 in monthly installments according to a specified schedule of payments. The note was given for a loan from plaintiff bank which provided funds for the purchase of a 1970 Chevrolet Nova automobile. The automobile was given as collateral security for the note.

After a few monthly payments had been made, there was a default in the required payments. On March 1, 1971 plaintiff bank seized the automobile and subsequently sold it at private sale in June of 1971. The amount obtained from the sale was $965.84 less than the amount remaining due on the note.

Plaintiff instituted the present action against defendant, as accommodation maker of the note, to recover the deficiency. The evidence adduced at trial was not sufficient to establish that plaintiff bank had complied with the notification requirements of the Uniform Commercial Code as embodied in 11 M.R.S.A. § 9–504 (3). (The provisions of the Uniform Commercial Code as contained in Title 11 of the Maine Statutes will hereinafter be referred to as "U.C.C.".). On this basis, plaintiff was denied recovery for the deficiency.

Prior to enactment in Maine of the Uniform Commercial Code, the decision of C. I. T. Corporation v. Haynes, 161 Me. 353, 212 A.2d 436 (1965) had settled that compliance with statutory requirements as to notification to the debtor (as then prescribed by R.S.1954, Chapter 119, § 9) was a condition precedent to a conditional sale vendor's right to recover a deficiency remaining after the conditional sale vendor

had purported to extinguish the conditional sale purchaser's equity of redemption by disposition of the collateral security through exercise of a power of sale reserved in the conditional sale contract.[1] Since a condition precedent to a recovery by a plaintiff is generally a matter as to which plaintiff bears the ultimate burden of proof, it followed from C. I. T. Corporation v. Haynes, supra, that a secured creditor seeking to recover a deficiency judgment must sustain the ultimate burden of proof to establish compliance with requirements for notification of disposition of the collateral security.

The decisions by the District Court and the Superior Court in the case at bar appear to have applied this doctrine of C. I. T. Corporation v. Haynes, supra, as continuingly operative under the U.C.C. in specific relationship to the notification requirements of U.C.C. § 9–504(3); and because of the finding that plaintiff bank had failed to sustain the ultimate burden of proving compliance with the notification requirements for disposition of the collateral, plaintiff was denied recovery.

The correctness of this rationale is the sole issue raised by the appeal of plaintiff bank.

Plaintiff maintains that the enactment of the Uniform Commercial Code has overridden the doctrine of C. I. T. Corporation v. Haynes. Plaintiff seeks to support its position by the following analysis of the U.C.C.

In § 9–504 the U.C.C. undertakes to deal explicitly with the secured party's right to dispose of collateral after default and the effect of such disposition. In § 9–504(2)— as to an underlying transaction which, as here, is not "a sale of accounts, contract rights or chattel paper"—it provides that

" . . . the secured party must account to the debtor for any surplus, and unless otherwise agreed, the debtor is liable for any deficiency."

Coupled with this provision is the specification in § 9–507(1) concerning the "secured party's liability for failure to comply" with various statutory requirements (including those as to notification to the debtor) that

"(i)f the disposition has occurred, the debtor or any person entitled to notification [and who has not been given one] . . . has a right to recover from the secured party any loss caused by a failure . . . [of such notification]."

The total impact of these express U.C.C. provisions, says, plaintiff, is a manifest design that non-compliance with the § 9–504(3) requirements for notification as to disposition of collateral is no longer a condition precedent to the right of the secured creditor to recover the deficiency remaining due after disposition of the collateral. Insofar as § 9–507(1) has afforded to the debtor a cause of action to recover such loss as the debtor can prove to have been caused by the failure of notification, the U.C.C. must be taken to have abandoned the absolutistic prophylatic-type protective mechanism constituted by the "condition precedent to the recovery of any deficiency" approach of C. I. T. Corporation v. Haynes. It must be taken, rather, to have concentrated on whether actual detriment has been caused in a given situation by the secured creditor's failure to comply with requirements as to notification of disposition of collateral. Indeed, says plaintiff, the U.C.C. has gone so far in this latter direction that it has provided even against the eventuality that debtors may find it difficult, especially as to consumer goods, to prove actual damages attributable to the failure of notification; as to consumer

---

1. C.I.T. Corporation v. Haynes clarified that, relative to the extinguishment of the equity of redemption by exercise of a power of sale, chattel mortgages and conditional sales are sufficiently alike to be governed by the same principles. Hence C.I.T. Corporation v. Haynes was applicable generally to creditor-debtor relationships in which, regardless of form, a chattel was collateral security for an indebtedness.

goods, the U.C.C. in § 9–507(1) prescribes a formula by which the debtor will recover damages "in any event" for the secured creditor's non-compliance with the notification requirements of U.C.C. § 9–504(3).

It is apparent that the essence of plaintiff's argument is the foundational claim that the cause of action established by U. C.C. § 9–507(1) is designed to be the *exclusive* protective mechanism afforded to the debtor for the failure of the secured creditor to meet statutory directives concerning notification of disposition of collateral.

We disagree with plaintiff's position and, therefore, deny its appeal. We decide that the doctrine of C. I. T. Corporation v. Haynes remains the presently operative law of Maine—as consistent with the enactment in Maine of the U.C.C. and as a complement to it.

The present issue has been considered by many courts and has resulted in a variety of judicial attitudes. Conclusions differing from the one which we advance in this opinion may be found in cases such as: Atlas Credit Corporation v. Dolbow, 193 Pa.Super. 649, 165 A.2d 704 (1960); Barker v. Horn, 245 Ark. 315, 432 S.W.2d 21 (1968); Weaver v. O'Meara Motor Company, Alaska, 452 P.2d 87 (1969); Conti Causeway Ford v. Jarossy, 114 N.J.Super. 382, 276 A.2d 402 (1971); The Morris Plan Company of Bettendorf v. Johnson, Iowa, 271 N.E.2d 404 (1971).

It will be of little benefit that we here engage in extensive evaluation of all the cases. We deem it sufficient for present purposes to state that we agree with the analysis by which a California court held consistent with the U.C.C. the prior California law that compliance with requirements for notification as to disposition of collateral is a condition precedent to a secured creditor's right to recover a deficiency. Atlas Thrift Company v. Horan, 27 Cal.App.3d 999, 104 Cal.Rptr. 315 (1972).

Two factors tend to indicate strongly that the cause of action established by U. C.C. § 9–507(1) cannot be taken as an exclusive remedy for the secured creditor's failure to meet notification requirements as to disposition of collateral.

First, the language in § 9–507(1) itself speaks only of the existence of a cause of action in favor of the debtor and omits any express statement reasonably suggestive of an intention that such cause of action shall be the *exclusive* remedy available to the debtor. Plaintiff has referred to the learning and experience of the drafters of the U.C.C. to sustain its contention that they could not have intended the excessive harshness to the secured creditor inherent in a result that the § 9–507(1) cause of action is only one of a plurality of remedies available to the debtor. In our view, the more reasonable conclusion is that precisely because of their learning, skill and experience, the drafters of the Uniform Commercial Code, had they truly intended the remedy to be exclusive, would have been scrupulously careful to state it. Their omission of language in § 9–507(1) expressly indicating exclusivity of the remedy thus speaks volumes against the correctness of plaintiff's position.

Second, in view of the omission of § 9–507(1) expressly to state that it provides an exclusive remedy for notification deficiencies, U.C.C. § 1–103 becomes most significant. Its import is that the right of action established by § 9–507(1), absent clear expression to the contrary, must be held cumulative in the context of remedies previously, or otherwise, afforded. Thus U.C.C. § 1–103 supports the conclusion that the doctrine of C. I. T. Corporation v. Haynes remains continuingly operative notwithstanding that the debtor has been afforded a separate cause of action for damages under U.C.C. § 9–507(1).

A third feature of the U.C.C. corroborates this conclusion. Under U.C.C. § 9–506 it is provided that

"(a)t any time before the secured party has disposed of collateral . . . under section 9–504 . . . the debtor or any

other secured party may unless otherwise agreed in writing after default redeem the collateral . . ."

upon fulfillment of specified requirements. The secured creditor's compliance with statutory notification requirements as to disposition of the collateral is clearly of assistance to the debtor should he seek to exercise this § 9–506 right of redemption. The secured creditor's compliance with notification requirements alerts the debtor to the running of the time period after which the collateral will be placed beyond the debtor's right to reacquire it in specie by exercise of the right of redemption. An after-the-fact cause of action *for damages* clearly is of no benefit to a debtor who, because of a secured creditor's disposition of the collateral without proper compliance with statutory requirements for notification, may have lost his right to reacquire the collateral *in specie*. Insofar as the continuing vitality of the doctrine of C. I. T. Corporation v. Haynes will provide an additional deterrent to non-compliance with the statutorily prescribed procedures for notification as to disposition of collateral it tends to promote the U.C.C. objective that the debtor be able, if he chooses, to reacquire the collateral in specie by redemption. In this respect, C. I. T. Corporation v. Haynes is not only consistent with, but affirmatively contributes to the achievement of, important goals of the U.C.C. Hence, there is merit to the reasoning of Braswell v. American National Bank, 117 Ga.App. 699, 161 S.E.2d 420 (1968):

". . . the act of the secured party, in selling the collateral without strict compliance with the notice of sale provisions, precludes the purchaser or owner from exercising his right of redemption under . . . [U.C.C. § 9–506], and for that reason the secured party cannot recover for the deficiency." (p. 422)

See also: Skeels v. Universal C. I. T. Credit Corporation, 222 F.Supp. 696 (W.D. Pa.1963), vacated on other grounds, 335 F. 2d 846 (3rd Cir. 1964).

In sum, as concisely explained in Atlas Thrift Company v. Horan, supra:

"The most natural and reasonable construction of the statutory language, in the light of the legal background, the realities of the relationships involved between secured creditors and debtors who have defaulted and their respective financial resources for engaging in litigation, all lead to the conclusion that *the right to a deficiency judgment depends on compliance with the statutory requirements concerning dispositions and notice.*" (p. 321 of 104 Cal.Rptr.)

▇ It was a condition precedent to the right of plaintiff bank to recover for the deficiency remaining due on the note that plaintiff must have complied with the statutory requirements for notification of disposition specified in U.C.C. § 9–504(3). Plaintiff, therefore, had the ultimate burden of proof to establish that this condition precedent had been fulfilled. Having failed to meet its burden of proof, plaintiff was properly denied the right to recover the deficiency. The judgment for defendant was correct.

The entry is:

Appeal denied.

WEBBER, J., was a Justice of the Court when this case was submitted but retired before the decision was rendered.

All Justices concurring.