FIATALLIS NORTH AMERICA, INC.

v.

David W. HILL.

Supreme Judicial Court of Maine.

Argued Sept. 9, 1994.

Decided Nov. 15, 1994.

Philip R. Mancini, John C. Walker (orally), John C. Walker & Associates, P.A., Portland, for plaintiff.

Daniel L. Cummings (orally), Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Fiatallis North America, Inc. appeals from the judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) in favor of David W. Hill following a trial without a jury on Fiatallis's complaint seeking a judgment against Hill as guarantor of a secured promissory note executed by Eastern Tractor and Equipment Company (Eastern Tractor) in favor of Fiatallis. Fiatallis does not challenge the sufficiency of the evidence to support the trial court's decision. Rather, Fiatallis contends that the trial court erred as a matter of law (1) by applying the ruling of *Camden National Bank v. St. Clair,* 309 A.2d 329 (Me.1973), in its determination that Hill was a debtor entitled to a notice of the disposition of the collateral by Fiatallis and (2) in determining that the burden was on Fiatallis to plead and prove that it had given the requisite notice to Hill of Fiatallis's sale of the collateral securing the note and that the sale was commercially reasonable. We affirm the judgment.

The following facts were stipulated by the parties at the trial: Eastern Tractor was a local dealer for Fiatallis for construction equipment, accessories, attachments and parts. On October 1, 1989, Hill, as a guarantor for Eastern Tractor, executed a promissory note in favor of Fiatallis for $154,378 plus interest at a stated amount to clear Eastern Tractor's open account with Fiatallis. Thereafter, a second open account was established for Eastern Tractor's purchases from Fiatallis. Pursuant to the terms of the promissory note, Eastern Tractor made monthly payments to Fiatallis from Novem-

ber 1989 through September 1990. No further payments were made by Eastern Tractor or Hill. On January 15, 1991, Eastern Tractor filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. In June 1991, Fiatallis instituted the present action against Hill. Eastern Tractor's reorganization proceeding was converted to a liquidation proceeding in July 1991, and a trustee was appointed. On October 8, 1991, the Eastern Tractor equipment controlled by the trustee was sold at public auction by Keenan Auction Company (Keenan). Fiatallis engaged Keenan to sell the secured equipment not controlled by the trustee at the same sale. No notice of this sale was given by Fiatallis to Hill. The net proceeds to Fiatallis from the sale were $2,537.18.

Fiatallis did not seek to amend its complaint against Hill to include allegations that following the default of payment on the promissory note it had given notice to Hill of the intended disposition of collateral or that the disposition was commercially reasonable. Following the trial of this matter on September 23, 1993, the court found, *inter alia,* that on behalf of Fiatallis Keenan had sold secured equipment with a retail value of approximately $100,000 for approximately $3,000; that Hill was entitled to the notice required by section 9–504(3); that no such notice of the sale had been given to Hill by Fiatallis; that Fiatallis had failed to meet its burden to establish the sale was commercially reasonable; and that Fiatallis was not entitled to a deficiency judgment against Hill. Accordingly, a judgment was entered in favor of Hill, and Fiatallis appeals.

Fiatallis concedes that 11 M.R.S.A. § 9–504(3) (Pamph.1993) requires that a secured party send to the debtor reasonable notification of the time and place of a public sale or other intended disposition of collateral if, after default on the obligation owed, the debtor has not signed a statement renouncing or modifying his right to a notice of the sale. Fiatallis makes no contention that following the default in payments on the instant promissory note that Hill signed such a statement. Fiatallis does contend, however, that Hill as a guarantor of the promissory note was not an accommodation party within the scope of *Camden National Bank* and that the trial court erred by determining that Hill was entitled to a notification of the sale of collateral as a precedent to the right of Fiatallis to recover from him a deficiency on the note. We disagree.[1]

Fiatallis's contention that a signature accompanied by words of guaranty creates an obligation distinct from that of an accommodation party is contrary to the provisions in the Uniform Commercial Code governing this issue. By P.L.1993, ch. 293, § A–1, the Legislature repealed 11 M.R.S.A. §§ 3–415 and 3–416,[2] and by P.L.1993, ch. 293, § A–2, enacted 11 M.R.S.A. § 3–1419 [3] for the express purpose of eliminating any suggestion that a guarantor is not an accommodation party or has an obligation distinct from that of an accommodation party. *See* U.C.C. § 3–1419 comment (1993). Accordingly, the trial court properly applied the holding in *Camden National Bank* in determining in the instant case that Hill was a debtor to whom notice of a sale of collateral is required as a precedent to Fiatallis's recovery from him for the deficiency remaining due on the promis-

---

**1.** We recognized in *Ford Motor Credit Co. v. Thompson Machine, Inc.,* 649 A.2d 19 (Me.1994), that the majority of courts in other jurisdictions have concluded that the Absolute Bar Rule is too harsh. *Id.* at 23 n. 7. The viability of this rule was not at issue in the present case.

**2.** 11 M.R.S.A. § 3–415 (1964) provided in pertinent part:

(1) an accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it. 11 M.R.S.A. § 3–416 (1964) provided in pertinent part:

(1) "Payment guaranteed" or equivalent words added to a signature mean that the signer engages that, if the instrument is not paid when due, he will pay it according to its tenor without resort by the holder of any other party.

**3.** 11 M.R.S.A. § 3–1419 (Pamph.1993) provides in pertinent part:

(3) A person signing an instrument is presumed to be an accommodation party and there is notice that the instrument is signed for accommodation if the signature ... is accompanied by words indicating that the signer is acting as ... guarantor with respect to the obligation of another party to the instrument.

sory note. *Camden National Bank,* 309 A.2d at 333.

■ Alternatively, Fiatallis contends that because noncompliance with section 9–504 is an affirmative defense not pleaded by Hill, the trial court erred in determining that, as a prerequisite to recovery from Hill, Fiatallis had the burden of pleading and proving the requisite notice to Hill and the commercially reasonable disposition of the collateral. We disagree. Section 9–501 provides in pertinent part:

> To the extent that they give rights to the debtor and impose duties on the secured party, the rules stated in the subsections referred to below may not be waived or varied except as provided with respect to compulsory disposition of collateral (section 9–504, subsection (3))....

11 M.R.S.A. § 9–501(3) (Pamph.1993). Section 9–504 provides in pertinent part:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if, except in the case of consumer goods, he has not

signed after default a statement renouncing or modifying his right to notification of sale.

11 M.R.S.A. § 9–504(3) (Pamph.1993). As we stated in *Camden National Bank:* "The most natural and reasonable construction of the statutory language ... lead[s] to the conclusion that *the right to a deficiency judgment depends on compliance with the statutory requirements concerning dispositions and notice.*" *Camden National Bank,* 309 A.2d at 333 (quoting *Atlas Thrift Company v. Horan,* 27 Cal.App.3d 999, 104 Cal.Rptr. 315, 321 (1972)). It is apparent from the record in the present case that the statutory duties imposed on Fiatallis were twofold: (1) to establish that it had given notice of the sale to Hill and (2) to establish that the sale of the collateral was commercially reasonable. *See* 11 M.R.S.A. § 9–501. Here, Fiatallis stipulated that the requisite notice had not been given to Hill and the trial court properly determined that Fiatallis had failed to meet its burden of proof that the sale was commercially reasonable.

The remaining contentions of Fiatallis are without merit.

The entry is:

Judgment affirmed.

All concurring.