STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-100

SANFORD INSTITUTION
FOR SAVINGS,

Plaintiff

v.

DAVID J. MOREAU,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

OCT 13 2000

ORDER
AND
DECISION

In August of 1997 Julie Moreau borrowed $45,000 from the plaintiff for her business, Sweet Sensations, in Shapleigh. She signed a note and security agreement. As part of the transaction, her husband David J. Moreau signed a guaranty. Unfortunately the business failed, the loan was not re-paid, the collateral was seized and sold, and a deficiency judgment is being sought in this suit against the guarantor.

A notice of default and acceleration was sent to Julie Moreau a copy of which was also sent to David Moreau which may or may not have been received. However, no ". . . reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made . . ." was sent by the plaintiff to the defendant. See 11 M.R.S.A. § 9-504(3).

The plaintiff filed a motion for summary judgment which was denied by Justice Warren in an order dated November 16, 1999, which stated that guarantors

are debtors who are entitled to notice of disposition of the collateral and, that since notice was not given, the plaintiff's motion for summary judgment would be denied. The defendant has now filed his own motion for summary judgment claiming that the lack of notice is an absolute bar to any deficiency judgment.

In *Camden National Bank v. St. Clair*, 309 A.2d 329 (Me. 1973) the Law Court interpreted sections 9-504 and 9-507 of the Uniform Commercial Code, *see* 11 M.R.S.A. §§ 9-504 and 9-507, and reaffirmed the pre-Uniform Commercial Code case of *C.I.T. Corporation v. Haynes*, 161 Me. 353, 212 A.2d 436 (1965) which held that compliance with the statutory requirements regarding notification to the debtor was a condition precedent to the recovery of a deficiency judgment. If there was not proper notification regarding the disposition of the collateral then there could be no deficiency judgment. The *St. Clair* decision was briefly mentioned as the existing law of Maine in *Leighton v. Fleet Bank of Maine*, 634 A.2d 453, 456 (Me. 1993). This rule has been called The Absolute Bar Rule.

The Law Court next decided *Ford Motor Credit Co. v. Thompson Machine, Inc.*, 649 A.2d 19 (Me. 1994). That case held that guarantors were debtors for our purposes and referred to the central issue in this case of whether the failure to give notice of disposition absolutely prohibits a deficiency judgment. At page 23 the Law Court stated "FMCC challenged our decision in *Camden National Bank*, 309 A.2d at 330-31 as part of its opposition to Thompson's motion for summary judgment. That partial summary judgment is not before us. A reexamination of *Camden National Bank* must await appellate review on the merits of the partial summary

2

judgment.[7]" Note 7 in turn stated "We recognize that the majority of courts in other jurisdictions have concluded The Absolute Bar Rule is a harsh rule and is contrary to the text in the underlying policy of the U.C.C. *See* Robert M. Lloyd, *The Absolute Bar Rule in UCC Foreclosure Sales: A Prescription for Waste*, 40 UCLA L.Rev. 695 (1993) (as of the date of publication of Lloyd's article, only eleven states, including Maine, still employed the absolute bar rule). *Id.* At 745."

In *Fiatallis North America, Inc. v. Hill*, 650 A.2d 222, 223 (Me. 1994) the Law Court referred in note 1 to note 7 from *Thompson Machine*. *Fiatallis*, at page 224, held that at least in those cases where there was no notice to the debtor and where the sale was not proven to be commercially reasonable the rule of *St. Clair* remained in effect.

The next case on this issue is *ROC-Century Associates v. Giunta*, 658 A.2d 223 (Me. 1995). This case held, at 226, that in those " . . . cases in which the sale of collateral is not conducted in a commercially reasonable manner, a rebuttable presumption is raised that the value of the collateral is equal to the amount of the indebtedness." *ROC-Century* did not deal with the continued viability of *St. Clair* in a no notice, as opposed to commercially unreasonable sale, situation.

We are thus left with a 1973 case, based on a 1965 case, that has not been reversed. The Absolute Bar Rule as to disposition of collateral without notice to debtors, which includes guarantors, may be a rule that has merit on its own, may be a rule that should be maintained under *stare decisis, Shaw v. Jendzejec*, 1998 Me. 208 ¶¶8-13, 717 A.2d 367, 70-2, or may be a rule that needs to be changed. That is for the

Law Court to decide. Under existing Maine law there can be only one result. The entry is:

> Judgment for the defendant.

Dated:     October 11, 2000

_Paul A. Fritzsche_
Paul A. Fritzsche
Justice, Superior Court

Stephen Y. Hodsdon, Esq. — PL
Kenneth I. Marass, Esq.   — DEF

4